IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS L. GILMORE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-986-GPM |
| | ) |
| BAYER CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion for remand of this case to state court (Doc. 10). In this case, some one hundred Plaintiffs seek damages for personal injuries allegedly caused by Trasylol, a prescription medication manufactured and distributed by Defendants Bayer Corporation ("Bayer"), Bayer Healthcare, LLC ("Bayer LLC"), and Bayer Healthcare Pharmaceuticals, Inc. ("Bayer Healthcare"). This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on September 22, 2009; named as Plaintiffs in the initial complaint were Thomas L. Gilmore, Renate Hartman-Hurd, Shirley Jean Hicks, Diana Noffsinger and Donald Hopper, as co-executors of the estate of F. Louise Hopper, deceased, James Jensen, Amanda Lucio, as administratrix of the estate of Valencio Lucio, deceased, Betty Mangum, Jerry Dale Meredith, Michael Miller, Edward M. Morris, as personal representative of the estate of Nora Theresa Morris, deceased, Roger M. Nelson, Merna L. Niermann, executor of the estate of Henry Niermann, deceased, Solomon Noriega, Michael Paul, Janice L. Ragland,

John S. Rodrigues, III, Rachel L. Rogers, and Lorlisia Heard, as personal representative of the estate of J.C. Tolson, Jr., deceased. The complaint asserted claims against Bayer, Bayer LLC, and Bayer Healthcare for strict products liability, intentional infliction of emotional distress, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties. On September 28, 2009, Bayer, Bayer LLC, and Bayer Healthcare removed the case to this Court, where it was docketed as Case No. 09-790. On October 7, 2009, the undersigned District Judge remanded Case No. 09-790 to state court for lack of federal subject matter jurisdiction.

On October 27, 2009, the state court granted leave to file an amended complaint joining as additional Plaintiffs in this case Carol Buffo, Daniel Duran, Patricia Dutt; Bernadine Earnest, Patricia Eason, Gregory Everhart, David Flowers, Eddie Fluker, Jimmy Ford, Pete Galicinao, Patricia Galvez, Joselito Garcia, Bennie Gholston, Michael Gillner, Curtis Grondwalski, Gary Guill, Vincent Gutierrez, David Guzzetta, Aniya Hadnot, Donnie Helton, Wilhelm Hendorfer, Flora Hopkins, Donald Houk, Johnnie Ingram, Iris Jarrett, Hortensia Jennings, Darreld Jesson, Donald Johnson, Linda Johnson, Octavia Johnson, Royce Jonas, Kimberly Keaton, Sonya Ketchum, Sherri Krauch, Thomas Ledet, Lynn Longino, James Love, Audrey Lymburner, Steve Maldonado, Edward Marsh, Don Martin, Frank Mason, Raymond May, William McCarley; Felipa Mercado, Cecil Meyer, William Middleton, James Morgan, Darrell Morman, Wayne J. Moseley, Lori Moser, Eleanor Mott, Nora Opal, Fannie Parker, Shanil Perera, Juan Perez, Richard Perlman, Juanita Quick, William Ramsdale, Robert Rea, Gordon Redmond, Leo Reyes, Ellas Richardson, Charles Rogers, Mackenzie Rone, John Scaglione, Helen Sennete, Larry Shepard, Thomas Shubbuck, Keith Simmons, Otis Smith, Richard Spallone, Betty Stansberry, Charles Stapleton, Mary Stover,

Phillip Taylor, Ronald Villery, Cecilia Waldor, Count Walker, Dan Wells, and Joyce Zorn. On November 24, 2009, Bayer, Bayer LLC, and Bayer Healthcare removed the case to this Court a second time, asserting federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Consistent with the Court's policy that related cases (here, Case No. 09-790 and this case) should be concentrated before a single judge, this case was placed upon the docket of the undersigned. As noted, a motion for remand of this case to state court has been filed and, having considered the matter carefully, the Court now rules as follows.

## II. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Brill v. Countrywide Home Loans*, 427 F.3d 446, 447-49 (7th Cir. 2005); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 (S.D. Ill. July 8, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06- 528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). "'Courts should interpret the removal statute narrowly and presume that

the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

Here the removing Defendants assert correctly that this case is a removable "mass action" within the meaning of the CAFA. Among the actions covered by the CAFA is a "mass action," defined by the statute as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and in which there is minimal diversity of citizenship (at least one plaintiff is not a citizen of the same state as at least one defendant) and the plaintiffs each seek a recovery exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(11)(B)(i). *See also Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761-62 (7th Cir. 2008). The CAFA further authorizes removal of "mass actions" from state court to federal court. *See* 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1453(b); *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952-53 (9th Cir. 2009); *Aburto v. Midland Credit Mgmt., Inc.*, Civil Action No. 3:08-CV-1473-K, 2009 WL 2252518, at *1 (N.D. Tex. July 27, 2009). Although Plaintiffs' motion for remand does not identify precisely how, in Plaintiffs'

view, this case fails to satisfy the jurisdictional prerequisites for removal as a CAFA mass action, the Court's independent review of its own subject matter jurisdiction discloses plainly that the removal of this case is proper under the CAFA. *See Gragg v. Alfa Laval, Inc.*, Civil No. 09-773-GPM, 2009 WL 4110389, at *3 (S.D. Ill. Nov. 20, 2009) (quoting *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Wiess v. Wal-Mart Stores, Inc.*, Civil No. 09-887-GPM, 2009 WL 3713353, at **2-3 (S.D. Ill. Nov. 4, 2009) (independently investigating the existence of federal diversity jurisdiction in a removed case and remanding the case for lack of subject matter jurisdiction, notwithstanding the inadequacy of the argument for remand proffered by the plaintiff in the case).

Turning then to the jurisdictional prerequisites for removal of the instant case as a "mass action" under the CAFA, the operative complaint in this case, as discussed, asserts claims on behalf of one hundred persons, the minimum number of plaintiffs required for the exercise of jurisdiction pursuant to the CAFA's "mass action" provisions.[1] Further, this case obviously presents questions of law and fact common to the claims of all one hundred Plaintiffs. The Court presumes that the Federal Rules of Civil Procedure govern this case as though it had been filed originally in

---

1. As already has been noted, Plaintiffs Diana Noffsinger and Donald Hopper assert claims in this case as co-executors of the estate of F. Louise Hopper, deceased, who was an Illinois citizen. Diana Noffsinger and Donald Hopper share a single state citizenship, Illinois, by virtue of the Illinois citizenship of F. Louise Hopper. *See Kubitschek v. Shelter Mut. Ins. Co.*, Civil No. 09-937-GPM, 2009 WL 3769984, at *2 (S.D. Ill. Nov. 9, 2009). However, because Diana Noffsinger and Donald Hopper each assert a claim under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, they both are real parties in interest in this case, and thus the Court deems both Diana Noffsinger and Donald Hopper to be party Plaintiffs in this case for purposes of the CAFA's "mass action" provisions. *See Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 n.3 (S.D. Ill. Aug. 24, 2009); *Wilson v. Sundstrand Corp.*, No. 99 D 6944, 99 C 6946, 2002 WL 99745, at **2-4 (N.D. Ill. Jan. 25, 2002).

federal court. *See Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (quoting *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)) ("[A] case removed from state court to federal court becomes, 'when it arrive[s] there, . . . subject to the same rules of procedure as if it had been originally sued in [federal] court.'"). Under Rule 20 of the Federal Rules of Civil Procedure, plaintiffs are authorized to join their claims "if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). It is clear to the Court that the claims in this case present common questions of fact and law concerning, for example, what information Bayer, Bayer LLC, and Bayer Healthcare possessed concerning the harmful effects of Trasylol, what information they elected to disclose to physicians and patients about those harmful effects, and what information they were required by law to disclose about those effects. *See Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 WL 2448804, at *7 (N.D. Ill. Aug. 6, 2009) (citing *Copeland v. Eli Lilly & Co.*, No. 05-04318-CV-C-NKL, 2005 WL 3533394, at *5 (W.D. Mo. Dec. 22, 2005)) ("[D]etermining who is liable in cases . . . which involve personal injury allegations against a pharmaceutical company . . . depends on a common question of fact – which defendants had what information."); *Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *6 (N.D. Ill. Jan 17, 2007) (in a case involving personal injuries allegedly caused by a prescription drug, claims against the manufacturer of the drug and the plaintiff's treating physician were properly joined because "the chain of communication – and any breaks in it – from the drug manufacturer to the patient is a common issue of fact[.]").

With respect to the requirement of minimal diversity of citizenship, this jurisdictional prerequisite is satisfied in this case. Plaintiff Thomas Gilmore is a citizen of Washington. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835-36 (S.D. Ill. 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Bayer, which is incorporated under Indiana law and has its principal place of business in Pennsylvania, is a citizen of Indiana and Pennsylvania for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009). Finally, with respect to the jurisdictional amount in controversy under the CAFA's "mass action" provisions, the Court has held in other cases involving allegations of severe and permanent personal injuries caused by Trasylol identical to the allegations contained in the operative complaint in this case that the plaintiffs' claims individually exceed $75,000, exclusive of interest and costs. *See Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 (S.D. Ill. Sept. 29, 2009); *Brown v. Bayer Corp.*, Civil No. 09-760-GPM, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009). In sum, the requirements for the exercise of diversity jurisdiction under the CAFA's "mass action" provisions are satisfied in this case. Plaintiffs' motion for remand of this case will be denied.[2]

---

2. Because the Court accepts the removing Defendants' argument that this case is properly within the Court's subject matter jurisdiction in diversity pursuant to the "mass action" provisions of the CAFA, the Court assumes that Defendants will not seek transfer of this case to the multidistrict litigation proceeding for cases involving, as here, personal injuries caused by Trasylol that has been established by the Judicial Panel on Multidistrict Litigation ("JPML") in the United States District Court for the Southern District of Florida. *See In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008). Under the CAFA, a "mass action" cannot be transferred by the JPML pursuant to 28 U.S.C. § 1407, save with the consent of a majority of the plaintiffs in the action. *See* 28 U.S.C. § 1332(d)(11)(C).

### III. CONCLUSION

The Court finds that federal subject matter jurisdiction is proper in this case pursuant to 28 U.S.C. § 1332(d)(11) and 28 U.S.C. § 1453(b).[3] Accordingly, Plaintiffs' motion for remand of this case to state court (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 10, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

3. As a final matter, the Court notes that, because it concludes that this case has been removed properly under the CAFA, it is not necessary for the Court to address the alternate basis for federal jurisdiction in diversity asserted by Bayer, Bayer LLC, and Bayer Healthcare, namely, that the claims in this case are fraudulently misjoined or procedurally misjoined. Were the Court to address that argument, it doubtless would reject it. *See Bankcroft*, 2009 WL 3156706, at **3-6; *Brown*, 2009 WL 3152881, at **3-6; *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 842 (S.D. Ill. 2008); *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at **6-8 (S.D. Ill. July 2, 2007); *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at **2-5 (S.D. Ill. Apr. 25, 2006); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 850-55 (S.D. Ill. 2006).