IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS GILMORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-00986-GPM-DGW |
| | ) | |
| BAYER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Joint Motion for Entry of Protective Order (Doc. 121). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is good cause to enter an Order protecting the parties' confidential information. Wherefore, the Court hereby **GRANTS** Joint Motion for Entry of Protective Order. The parties are reminded that should any dispute arise regarding the scope or application of this Protective Order, they are required to contact the Court before filing a motion.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. **Discovery Material.** This litigation involves alleged injuries from the administration of the prescription drug Trasylol to 99 individuals. A multi-district coordinated proceeding involving similar claims is pending in the United States District Court for the Southern District of Florida, *In re Trasylol Products Liability Litigation*, MDL 1928 (S.D. Fla.) ("the MDL") and discovery here is being coordinated with the MDL. The MDL Court has entered a Protective Order that is substantially the same as this one and the intent of the Court and the parties is that they will be co-extensive, except insofar as the Local Rules and practice may differ. This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents and deposition testimony and any copies,

excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories or subpoena.

2.  **Confidential Discovery Material.**  Discovery material containing trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information may be designated as "Confidential."  Without prejudice to the right of a party to object to the production of the following information or of a party to seek production, the information subject to such designation shall include the producing party's:

(a) Customer names;

(b) Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development;

(c) Unpublished clinical studies and related documents;

(d) Information concerning competitors;

(e) Production information;

(f) Personnel records and information;

(g) Financial information not publicly filed with any federal or state regulatory authorities or not contained within any publicly available quarterly or annual reports;

(h) Private medical information that identifies a person unless such identifying information is redacted;

(i) Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure

3. **Requests to Designate Other Materials as Confidential.**  If any party believes a document not falling within the scope of Paragraph 2 should nevertheless be considered confidential, the parties shall meet and confer, and absent an agreement the party seeking confidential treatment may apply to the Court for an Order designating such document as confidential.  Such application shall only be granted for good cause shown.

4. **Use of Confidential Discovery Material.**

(a) Confidential discovery material may be used only in this case, for the litigation of cases in the MDL, including post-MDL proceedings in transferor courts (hereinafter referred to collectively as "this litigation") and for any other action brought by or on behalf of a former Trasylol user alleging injuries or other damages therefrom ("Other Trasylol Lawsuits"), so long as all parties are bound by and subject to another judicially approved protective order that is identical to or the substantial equivalent to this Order.  Confidential discovery material will not be disclosed except in accordance with paragraphs 4(b), 7, and 10.

(b) Prior to being given access to confidential discovery material, any person falling within subparagraphs 7(a)(vi) or 7(a)(viii) shall be provided with a copy of this Order and shall execute a copy of the Endorsement of Protective Order, attached as Exhibit A.  Counsel providing such access to confidential discovery material shall retain copies of the Endorsement(s) of Protective Order and shall provide them to counsel producing confidential discovery materials as provided below.  For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the confidential discovery material to which the expert has access, either at the time the confidential material is given to the testifying expert, or at the time the expert's designation is served, whichever is later.

5.      **Designation of Confidential Discovery Material.**  Confidential discovery material, if in writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously.  The stamp shall be affixed in such manner as not to obliterate or obscure any written matter.  In the case of deposition testimony relating to documents designated as confidential, the portion of the transcript in which confidential writings are offered, identified or discussed shall also be designated as confidential.  Any additional confidentiality designations shall be made within 30 days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s).  Until the expiration of such 30-day period, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order.  In the event that the producing person or party inadvertently fails to designate discovery material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing as soon as practicable.  After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with Paragraph 8.

6.      **Consent to Jurisdiction.**  All persons receiving or given access to confidential discovery material in accordance with the terms of this Order consent to the continuing

jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

    7.    **Disclosure of Confidential Discovery Material.**

    (a)    Confidential discovery material shall not be disclosed to anyone other than the following categories of persons:

    i.    The Court (and any appellate court), including court personnel, jurors, and alternate jurors subject to the requirements of Section 10 below.

    ii.    If produced by Plaintiffs, Defendants' in-house counsel, paralegals and clerical support staff, and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection within this litigation, and the paralegal, clerical, secretarial and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by Defendants' outside counsel. To the extent a Defendant does not have in-house counsel, it may designate two individuals employed by each Defendant (in addition to outside counsel) to receive Confidential Discovery Materials produced by Plaintiffs.

    iii.    If produced by any Defendant, a Plaintiff in this litigation, Plaintiffs' attorneys in this litigation, including the paralegal, clerical, secretarial and other staff employed or retained by such counsel. Additionally, confidential discovery material produced by any defendant in this litigation may be disclosed to the named plaintiff(s) in Other Trasylol Lawsuits, and their counsel of record, including paralegal, clerical, secretarial and other staff employed or retained by such other plaintiffs' counsel of record, if a protective order identical to or the substantial equivalent to this order has been entered in such Other Trasylol Lawsuits.

     iv. If produced by any Defendant, outside counsel for any other Defendant, including any attorneys employed by or retained by any other Defendant's outside counsel who are assisting in connection with this litigation, and the paralegal, clerical, secretarial and other staff employed or retained by such outside counsel.

     v. Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts.

     vi. Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "Experts"), but only to the extent necessary to perform their work in connection with this litigation or Other Trasylol Lawsuits in which a protective order that is identical to or the substantial equivalent of this order has been entered.

     vii. The persons who authored the confidential discovery material or who received such confidential discovery material in the ordinary course of business.

     viii. Such other persons as the counsel for the producing party shall consent to in writing before the proposed disclosure.

   (b) All parties and their respective counsel, paralegals and the employees and assistants of all counsel receiving discovery material shall take all steps reasonably necessary to prevent the disclosure of confidential discovery material other than in accordance with the terms of this Order.

   (c) Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation.

    (d) Disclosure of confidential discovery material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

   8. **Disputes concerning designation of Confidential Discovery Material.**

    (a) If at any time a party wishes for any reason to dispute a designation of discovery material as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying by exact document numbers the discovery material in dispute and the precise nature of the dispute with regard to each such document or other discovery material. If the parties are unable amicably to resolve the dispute, the proponent of confidentiality may apply by motion for a ruling as to whether the designated discovery material may, in accordance with this Order, properly be treated as confidential, provided such motion is made within 30 days from the date on which the parties, after good faith attempt, cannot resolve the dispute or such other time period as the parties may agree. This 30-day period shall run from the date on which counsel for either party declares in writing (including by email) to counsel for the other parties that they are unable to resolve their disagreement. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

    (b) All discovery material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 8(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

      i. the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

        ii.    twenty days after the expiration of the appeal period of an Order of this Court that the matter shall not be entitled to confidential status (or such longer time as ordered by this Court) if the Order on appeal is not subject to a stay.

    (c)    The parties shall negotiate in good faith before filing any motion relating to this Order.

9.    **Designation by Non-Parties.**  Any non-party who is producing discovery materials in this litigation may subscribe to and obtain the benefits of the terms and protections of this Order by designating pursuant to the terms of this Order as "Confidential" the discovery materials that the non-party is producing.

10.    **Disclosure of Discovery Material.**

    (a)    Except as provided for herein, nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any discovery material produced or provided by that party, including discovery materials designated as confidential.

    (b)    Nothing shall prevent disclosure beyond that permitted under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within 20 days after it is issued.

    (c)    No disclosure pursuant to this Paragraph shall waive any rights or privileges of any party granted by this Order.

11.    **No Effect on Other Obligations.**  This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that confidential discovery material is properly discoverable, relevant or admissible in this or any

other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as confidential discovery material on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any discovery material as confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.

12. **No Prejudice to Other Protections.** The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

13. **Obligation of Good Faith.** All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

14. **Modifications/Continuing Effect.** By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation. The parties shall take such reasonable measures as are necessary and appropriate to prevent the public disclosure of confidential discovery material, through inadvertence or otherwise, after the conclusion of this Litigation.

15. **Return of Confidential Discovery Material.** Within 45 days of the termination of a case in this Litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return the confidential discovery material to counsel for the producing party in that case. However, if counsel for Plaintiff in this Litigation has other cases

pending brought by or on behalf of a former Trasylol user alleging injuries or other damages therefrom, counsel for Plaintiff will be able to keep the confidential discovery material until such time as all litigation plaintiffs' counsel has pending brought by or on behalf of a former Trasylol user alleging injuries or other damages therefrom, has been terminated. Outside counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, which records will continue to be maintained confidential in conformity with this Order.

16. **Responses to Subpoenas or Other Process.** If a receiving party or its counsel or expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any confidential discovery material produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until 10 business days after notifying counsel for the producing party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The party, counsel or expert receiving the subpoena or other process shall cooperate to the extent reasonably possible, with the producing party in any proceeding relating thereto.

17. The use of confidential discovery material in anything filed of public record will proceed as follows: a) all such confidential discovery material shall be filed under seal as

provided in paragraph 18 below; or b) the receiving party can file their document (motion, response, reply, surreply, etc.) without filing the confidential discovery material and identify the bates numbers or exhibits that specifically identify the confidential discovery material that are not being filed per this paragraph 17.  The producing party will then have three (3) business days to advise the receiving party of which, if any, of the unfiled referenced confidential discovery material it continues to assert to be confidential hereunder – any such documents not designated by the producing party may be filed of public record on the fourth business day from the notice contained in the filing.  When this occurs the receiving party may then amend or supplement their filing (motion, response, reply, surreply, etc.) with the materials no longer subject to this order.

   18.  In the event any confidential discovery material is filed with any pleading, motion, deposition transcript or other paper filed with the Clerk of the Court, such confidential discovery material shall be filed under seal in an envelope marked as follows:

> Confidential:  This envelope contains documents that are subject to a Stipulated Protective Order issued by the United States District Court for the Southern District of Illinois, which restricts and limits publication, dissemination, and copying of the enclosed materials and information.  The contents of this envelope are not to be revealed to anyone except the Court or as provided by the Court pursuant to the Protective Order or such further orders as may be entered.  If the contents are thus revealed, they shall thereafter be resealed.

In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the producing party made by the party or non-party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

   19.  **Use of Confidential Discovery Material at Hearings or Trial.**  This Order does not restrict or limit the use of confidential discovery material at any hearing or trial, which is

expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of confidential discovery material is anticipated, the parties shall meet and confer regarding the use of the confidential discovery material. If the parties cannot agree, the parties shall request the Court to rule on such procedures.

20.     **Discovery Material Not Subject to Confidentiality.** This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation or in any other litigation alleging injuries or damages resulting from the use of Trasylol in which such information was not designated as "Confidential" or subject to a protective order or confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

21.     **Rights of Parties.** Nothing in this Order shall limit or circumscribe in any manner any rights the parties may have under common law or pursuant to any statute, regulation or ethical canon.

22.     **Attorneys' Fees.** In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover costs, including reasonable attorneys' fees, incurred by it and, if so, the amount to be awarded.

23.     **Discovery Material Protected under German Law.** Bayer AG and Bayer HealthCare AG (and any other Bayer entity organized under the laws of Germany that may become a party to this litigation) may designate as CONFIDENTIAL those documents (including electronic or paper form) containing "personal data," within the meaning of the German Federal

Data Protection Act, the confidentiality of which is protected under German law. "Personal data" consists of any and all data which concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (*e.g.,* reference to an individual by his/her title or position within the company whose identity is specified in other available sources of information). In particular, this applies to the following documents:

      (a)    any correspondence (electronic or on paper) which identifies or through recourse to other sources of information available to the data processor allows identification of its author(s)/sender(s) and/or its addressees/recipients, *i.e.,* for example, all email correspondence, letters and faxes (including transmission reports);

      (b)    any document such as memoranda, notes, and presentations if they identify or allow identification of its author/sender and/or its addressee/recipient through recourse to other information available to the data processor;

      (c)    minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting;

      (d)    personnel records and information; and

      (e)    any document containing private medical information.

**IT IS SO ORDERED.**

**DATED:  September 28, 2011**

                                                                   */s/ Donald G. Wilkerson*
                                                                   **DONALD G. WILKERSON**
                                                                   **United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| THOMAS GILMORE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:09-cv-00986-GPM-DGW |
| | ) |
| BAYER CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ENDORSEMENT OF PROTECTIVE ORDER**

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order regarding confidential information produced in discovery, entered _____, _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any confidential discovery material, in any form whatsoever, and that such confidential discovery material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and further information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Southern District of Illinois, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of Court.

Date:

By: _____

Signed before me this \_\_\_\_\_ day of _____, 20\_\_\_,

_____
Notary Public

My commission expires on _____