IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS L. GILMORE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-986-GPM** |
| ) | |
| **BAYER CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This lawsuit concerns personal injuries allegedly caused by Trasylol, a prescription medication manufactured and distributed by Defendants Bayer Corporation, Bayer Healthcare, LLC, and Bayer Healthcare Pharmaceuticals, Inc. (hereinafter, collectively, "Bayer"). This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal from state court; federal subject matter jurisdiction is proper on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Currently this case is before the Court on Bayer's motion for summary judgment as to the claims of Plaintiffs Juanita Quick and William Ramsdale (Doc. 147). In brief, Bayer argues that neither Quick nor Ramsdale has adduced expert medical testimony in support of their claims that Trasylol caused them physical injury, so that neither Quick nor Ramsdale can establish a genuine issue of material fact for trial as to whether Trasylol caused them injury. Bayer's summary judgment motion has been fully briefed, and the Court rules as follows.

As an initial matter, the Court notes the standard under which it must evaluate a motion for summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id.* Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In responding to a summary judgment motion, the non-moving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996); *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995). A genuine issue of material fact is not demonstrated by the mere existence of some alleged factual dispute between the parties or by some metaphysical doubt as to the material facts. *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 933 (7th Cir. 1997). Rather, a genuine issue of material fact exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011); *Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)) (brackets omitted). With the foregoing standard in mind, the Court turns to consideration of the instant summary judgment motion.

Typically, a failure by a plaintiff alleging a claim for strict products liability or negligence to produce expert testimony of a defect in a product is held to demonstrate the absence of genuine issues of material fact in summary judgment proceedings. *See, e.g., Fulton v. Theradyne Corp.*, No. 06 C 1321, 2007 WL 772953, at *4 (N.D. Ill. Mar.12, 2007) (applying Illinois law) (granting summary judgment and holding that in strict products liability and negligence cases involving a specialized product and knowledge that is not within the purview of laypeople, expert testimony is required to prove a defect in the product); *Klootwyk v. DaimlerChrysler Corp.*, No. 01 C 6127, 2003

WL 21038417, at **3-4 (N.D. Ill. May 7, 2003) (applying Illinois law) (in a case involving an alleged defect in an automobile when an airbag failed to deploy after a collision, the court granted summary judgment because the plaintiff did not offer expert testimony to establish that the design of the vehicle's airbag was unreasonably dangerous or the proximate cause of the plaintiff's injury). Although the determination of whether expert testimony is necessary to support a claim of a product defect is judged according to "[t]he specific facts and issues involved" in a case, generally in strict products liability and negligence cases involving specialized products and "specialized knowledge" expert testimony is required. *Baltus v. Weaver Div. of Kidde & Co, Inc.*, 557 N.E.2d 580, 588-89 (Ill. App. Ct. 1990) (stating that "[m]anufacturing negligence resulting in an unreasonably dangerous product seems particularly appropriate for expert opinion."). A jury cannot be allowed in the absence of expert testimony to "speculate that [a product] was in fact . . . unreasonably dangerous[.]" *Id*. at 589. *See also Sorce v. Naperville Jeep Eagle, Inc.*, 722 N.E.2d 227, 238 (Ill. App. Ct. 1999) (a "legal inference of defectiveness may not be drawn merely from evidence that an injury occurred"); *Norman v. Ford Motor Co.*, 513 N.E.2d 1053, 1056 (Ill. App. Ct. 1987) (quoting *Artis v. Fibre Metal Prods.*, 450 N.E.2d 756, 759 (Ill. App. Ct. 1983)) ("In a cause of action premised on a theory of strict products liability, 'a legal inference of defectiveness may not be drawn merely from evidence that an injury occurred.'").[1]

---

1. With respect to choice of law, Ramsdale is an Illinois citizen and Quick is a Georgia citizen. In general, of course, a federal court sitting in diversity, applies the choice of law rules of the state where it sits. *Seeb Midwest Grain Prod. of Ill. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000). Under Illinois law, if the law of the jurisdictions in question is essentially the same, there is no need to make a choice of law and instead a court simply applies Illinois law. *See Sterling Fin. Mgmt., L.P. v. UBS PaineWebber, Inc.*, 782 N.E.2d 895, 899 (Ill. App. Ct. 2002); *Dearborn Ins. Co. v. International Surplus Lines Ins. Co.*, 719 N.E.2d 1092, 1096 (Ill. App. Ct. 1999). As the parties agree that the pertinent law of Illinois and Georgia is essentially the same, the Court has simply applied Illinois law.

In responding to Bayer's summary judgment motion, counsel for Quick and Ramsdale state that they believed that their clients' claims were meritorious when those claims were filed, but counsel concede that they have been unable to develop the expert testimony required to sustain the claims. The Court appreciates counsel's candor, and rules accordingly. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. at 322-23 (quotation omitted). Bayer's motion for summary judgment (Doc. 147) is **GRANTED**, and the claims of Quick and Ramsdale in this case are **DISMISSED with prejudice**. The Clerk of Court is directed to terminate Quick and Ramsdale as parties to this litigation on the electronic docket of the case.

    **IT IS SO ORDERED.**

    DATED: January 27, 2012

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge