# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| THOMAS L. GILMORE, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | CIVIL NO. 09-986-GPM |
| BAYER CORPORATION, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This lawsuit concerns personal injuries allegedly caused by Trasylol, a prescription medication manufactured and distributed by Defendants Bayer Corporation, Bayer Healthcare, LLC, and Bayer Healthcare Pharmaceuticals, Inc. (hereinafter, collectively, "Bayer"). This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal from state court; federal subject matter jurisdiction is proper on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Currently this case is before the Court on Bayer's motion for summary judgment as to the claims of Plaintiffs Leo Reyes, Darrell Morman, John Scaglione, and Betty Mangum (Doc. 149). On February 1, 2012, counsel for Reyes, Morman, Scaglione, and Mangum filed a preliminary response to Bayer's summary judgment in which Reyes, Morman, Scaglione, and Mangum requested forty-five days to supplement their response to Bayer's summary judgment motion. *See* Doc. 166. The request for a forty-five day extension of time for Reyes, Morman, Scaglione, and Mangum to supplement their response to Bayer's summary judgment motion was granted by the

Court on February 2, 2012. *See* Doc. 167. Reyes, Morman, Scaglione, and Mangum never supplemented their preliminary response to Bayer's summary judgment. Thus, the Court deems Bayer's summary judgment motion to have been fully briefed, and now rules as follows.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id*. Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In responding to a summary judgment motion, the non-moving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Johnson v. City of Fort Wayne, Ind*., 91 F.3d 922, 931

(7th Cir. 1996); *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995). A genuine issue of material fact is not demonstrated by the mere existence of some alleged factual dispute between the parties or by some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 933 (7th Cir. 1997). Rather, a genuine issue of material fact exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); *Perdomo v. Browner*, 67 F.3d 140, 144 (7th Cir. 1995). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a finder of fact. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011) (citing *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010)); *Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)) (brackets omitted). *See also Watson v. Amedco Steel, Inc.*, 29 F.3d 274, 277 (7th Cir. 1994) (quoting *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966)) ("In denying [a summary judgment] motion, the court 'decides only one thing – that the case should go to trial'"). With the foregoing standard in mind, the Court turns to consideration of Bayer's summary judgment motion.

With respect to Morman and Mangum, they have conceded in their preliminary response to Bayer's summary judgment motion that they "are unable at this time to present a genuine issue of fact as to causation." Doc. 166 at 3, 4. As to Reyes, the Court likewise finds that there is no genuine issue for trial on his claim against Bayer. Reyes believes he may have been administered Trasylol during surgery on August 25, 2007. However, the anesthesiology report and the billing records from the surgery clearly show that Reyes was not given Trasylol and instead was administered Amicar or aminocaproic acid. *See* Doc. 149-1 at 3; Doc. 171-1 at 2. Amicar is, like Trasylol, a medication used to control bleeding during cardiac surgery but which, unlike Trasylol, is not manufactured by Bayer. Accordingly, Reyes's claim against Bayer will be dismissed. Finally, as to Scaglione, it is plain that his claim for relief against Bayer is time-barred. Scaglione alleges that his father, John F. Scaglione, was administered Trasylol during open heart surgery on April 12, 2004, and that the medication caused Scaglione's father to develop renal failure, leading to his death on September 18, 2004. At Scaglione's deposition, taken July 29, 2011, Scaglione testified that, shortly after the death of Scaglione's father, an attorney named Keach "wanted to take a look at what was going on because everybody felt that there had to be something wrong[.]" Doc. 171-2 at 7. However, Scaglione did not bring this suit against Bayer until 2009. Although Scaglione is a resident of Nevada, Illinois courts, including federal courts sitting in Illinois, presumptively apply Illinois statutes of limitations, including Illinois law governing accrual of claims for purposes of a statute of limitations. *See ABF Capital Corp. v. McLauchlan*, 167 F. Supp. 2d 1011, 1014 (N.D. Ill. 2001). In Illinois, the statute of limitations for personal injuries, including personal injuries caused by intentional infliction of emotional distress, is two years. *See* 735 ILCS 5/13-202; *Feng v. Sandrik*, 636 F. Supp. 77, 84 (N.D. Ill. 1986). The Illinois statute of limitations for

claims of breach of warranty is four years. *See* 810 ILCS 5/2-725(1) (2); *Edwards v. Regis Corp.*, No. 10-1011, 2011 WL 777271, at *5 (C.D. Ill. Feb. 25, 2011). The Illinois statute of limitations for common-law fraud and negligence is five years. *See* 735 ILCS 5/13-205; *Clark v. Robert W. Baird Co., Inc.*, 142 F. Supp. 2d 1065, 1074-75 (N.D. Ill. 2001); *E.J. Korvette, Div. of Spartan Indus., Inc. v. Esko Roofing Co.*, 350 N.E.2d 10, 13 (Ill. App. Ct. 1976). The Illinois statute of limitations for claims under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, is two years. *See* 740 ILCS 180/2. Actions under the Illinois Survival Act, 755 ILCS 5/27-6, are governed by a two-year statute of limitations. *See* 735 ILCS 5/13-209; *McDaniel v. Johns-Manville Sales Corp.*, 542 F. Supp. 716, 717 (N.D. Ill. 1982). A claim under the Illinois Family Expense Act, 750 ILCS 65/15, based upon personal injuries or the wrongful death of a family member is deemed to be derivative of the family member's claim for personal injuries and wrongful death, and therefore is governed by the two-year limitation period for personal injury, Survival Act, and Wrongful Death Act claims. *See* 735 ILCS 5/13-203; *Ragsdell v. S.C. Johnson & Son, Inc.*, No. 00 C 3278, 2001 WL 629299, at **1-2 (N.D. Ill. May 29, 2001); *Dewey v. Zack*, 651 N.E.2d 643, 648 (Ill. App. Ct. 1995).

In general, of course, Illinois applies the so-called "discovery rule" in actions involving "tort, tort arising from contract, or other breach of contractual duty." *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1136 (Ill. 1995). Under the discovery rule, a cause of action does not accrue for purposes of the statute of limitations, and thus the relevant limitations period does not begin to run, "until the injured party knows or should have known of his injury." *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 282 (7th Cir. 1994) (quoting *Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 979 (Ill. 1981)). *See also Clay v. Kuhl*, 727 N.E.2d 217, 220 (Ill. 2000)

(the discovery rule delays the accrual of a cause of action, and hence the start of the clock on the statute of limitations, until a plaintiff "knows or reasonably should know of an injury and that the injury was wrongfully caused"). Importantly, "[t]he discovery rule does not allow a plaintiff to wait until the defendant admits it has caused plaintiff's damage," and it "places the burden on plaintiffs to inquire as to the existence of a cause of action." *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1116 (N.D. Ill.1998). Said differently, under the discovery rule, a cause of action accrues when a person is "possessed of sufficient information concerning its injury to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Vector-Springfield Props., Ltd. v. Central Ill. Light Co.*, 108 F.3d 806, 809 (7th Cir. 1997). If the standard were otherwise, then a person could wait comfortably until advised by a lawyer that he or she can sue, thus defeating one of the primary purposes behind statutes of limitations, that is, "to encourage claimants to investigate and pursue causes of action in order to discourage delay[.]" *Langendorf v. City of Urbana*, 754 N.E.2d 320, 326 (Ill. 2001) (citing *Golla v. General Motors Corp.*, 657 N.E.2d 894, 902-03 (Ill. 1995)). Here it plain from the record that Scaglione knew of his cause of action, or at least was on inquiry notice as to whether a cause of action existed, in 2004. Although in Scaglione's affidavit in response to Bayer's summary judgment motion (Doc. 166-2), Scaglione claims that he did not discover his cause of action until 2008, affidavits given on summary judgment that contradict a party's earlier deposition testimony are to be disregarded. *See Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005) ("Although at the summary judgment stage we must interpret the evidence in the light most favorable to [the non-moving party], that does not allow her to contradict deposition testimony with later-filed contradictory affidavits.") (citation omitted). Scaglione's claim against Bayer will be dismissed.

To conclude, Bayer's motion for summary judgment (Doc. 149) is **GRANTED**, and the claims of Plaintiffs Leo Reyes, Darrell Morman, John Scaglione, and Betty Mangum against Bayer are **DISMISSED with prejudice**. The Clerk of Court is directed to terminate Reyes, Morman, Scaglione, and Mangum as parties to this litigation on the electronic docket of the case.

**IT IS SO ORDERED.**

DATED: March 29, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge